# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIPP FLORES ARCHITECTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:21-cv-1158 |
| | § | |
| AMH CREEKSIDE DEVELOPMENT, LLC, | § | Jury Trial Demanded |
| AMERICAN HOMES 4 RENT, and | § | |
| AMERICAN HOUSING VENTURES, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Kipp Flores Architects, LLC ("KFA") complains of Defendants AMH Creekside Development, LLC ("AMH Creekside"), American Homes 4 Rent ("AH4R"), and American Housing Ventures, LLC ("AHV").  For its causes of action, KFA shows the following:

### PARTIES

1.      KFA is a Texas Limited Liability Corporation.

2.      AMH Creekside is a Delaware Limited Liability Corporation that is qualified to do business in this state.  Service of process may be had upon its registered agent, CT Corporate System, 1999 Bryan Street, Suite 900, Dallas, Texas 75210-3136.

3.      AH4R is a Maryland corporation that is qualified to do business in this state.  Service of process may be had upon its registered agent, CT Corporate System, 1999 Bryan Street, Suite 900, Dallas, Texas 75210-3136.

4.      AHV is a Delaware Limited Liability Corporation that is qualified to do business in this state.  Service of process may be had upon its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

### JURISDICTION AND VENUE

5.      This is an action for violations of the Digital Millennium Copyright Act ("DMCA"), copyright infringement, and conversion, arising out of defendants' activities associated with a real estate development known as Creekside Ranch.  This court has exclusive federal jurisdiction over KFA's DMCA and copyright infringement claims under 28 U.S.C. § 1338, and has supplemental jurisdiction over KFA's conversion claims pursuant to 28 U.S.C. § 1367.

6.      Venue in this District is proper under 28 U.S.C. § 1400(a) because each defendant may be found in this district.

### FACTUAL BACKGROUND

Parties

7.      KFA is an architecture firm in the business of creating "architectural works" (as that term is used in Title 17, United States Code) and licensing the use of architectural works and technical drawings depicting such architectural works that have been created by KFA.

8.      AMH Creekside owns and operates a real estate development located at 480 Aspen Waters, New Braunfels, Texas, that is known as Creekside Ranch (hereinafter, "Creekside Ranch").

9.      AH4R is a real estate investment trust.  At all material times, it has been the general partner of American Homes 4 Rent, LP ("AH4R LP"), and also manages and controls AMH Creekside's affairs.

10.      AMH Creekside is a subsidiary of AH4R LP, a sophisticated real estate investment and development entity that owns over $9 billion in real estate assets.

11.      On information and belief, at all material times AH4R has had the power and ability to supervise and control the activities of AMH Creekside that are related to Creekside Ranch, including the activities of those parties that are complained of herein.

12.      On information and belief, at all material times AH4R has had a financial interest in AMH Creekside and in the activities of AMH Creekside that are related to Creekside Ranch, including the activities of those parties that are complained of herein.

Works in Suit

13.      KFA is owner of all copyrights in the following architectural works:

   a.   Plan 1529 (a/k/a Plan 1525).  KFA has registered its copyrights in this architectural work and technical drawings depicting it, as evidenced by Certificates of Registration No. VA 2-258-580 and VA 2-258-582.   (Plan 1529 is a derivative of an earlier KFA work (Plan 1536; Certificate of Registration No. VA 2-219-452).)

   b.   Plan 1904 (a/k/a Sketch 1863A).  KFA has registered its copyrights in this architectural work, as evidenced by Certificates of Registration No. VA 1-720-014.

    c.  Plan 1484 (a/k/a Sketch 1449).  KFA has registered its copyrights in this architectural work, as evidenced by Certificate of Registration No. VAu 531-508

These three works will hereinafter be referred to as the "Copyrighted Works."

14.    Each of the Copyrighted Works is an original work that is copyrightable subject matter under federal law.  Each work constitutes and contains material wholly original to Plaintiff, including the overall look and feel of the works, and the selection and arrangement of the constituent parts of the work.

KFA-AHV Relationship

15.    In January 2016, KFA and AHV executed a license agreement for the use of certain KFA architectural works, including the Copyrighted Works, in the Austin, Texas market.  A copy of this agreement (the "License Agreement") is attached as Exhibit A and incorporated by reference.

16.    The License Agreement includes AHV's agreement and acknowledgement that KFA was the sole owner of all copyrights in the works being licensed (including the Copyrighted Works).

17.    The License Agreement provides that absent KFA's specific written permission, AHV had no right to use drawings or architectural works, directly or indirectly, to create other drawings or architectural works, and that AHV had no right to authorize others to do so.

18.    The License Agreement provides that all plans, drawings, specifications and electronic data or other documents prepared by KFA for AHV, together with all modifications thereof, are instruments of KFA's service, and remain KFA's property.

19.     The License Agreement provides that KFA would include KFA's copyright notice on the design and construction drawings provided to AHV.

20.     The License Agreement provides that any publication of KFA's architectural works by AHV, including any display of the architectural works in brochures, pamphlets, newspaper advertisements, magazine advertisements, or on the internet, must include KFA's copyright notice.

21.     The License Agreement includes AHV's acknowledgement and recognition that KFA's copyright notice is "Copyright Management Information" under the Digital Millennium Copyright Act, and that KFA affixes it to its designs and construction drawings and requires it on all publications of them to deter, detect, and police copyright infringement.

22.     The License Agreement includes AHV's agreement that any publication of KFA's works without this Copyright Management Information "**will be unauthorized and a violation of the Digital Millennium Copyright Act**" (bolding in original).

23.     The License Agreement provides that KFA's grant of a license to AHV to use KFA's architectural works was "[s]ubject to the terms and conditions of this Agreement."

24.     The License Agreement provides that if AHV made any modification or other change to KFA's plans or drawings, KFA's copyright notice "***shall not be removed, but will be maintained on all forms of reproduction***" (bolding and italics in original).

25.     The License Agreement provides that upon occurrence of a default, KFA had the right to terminate the Agreement.

26.     The License Agreement provides that upon termination of the Agreement, AHV would immediately halt construction, marketing, or use of KFA's plans, drawings, forms, or documents for any purpose.

27.     The License Agreement provides that upon termination of the Agreement, AHV would deliver to KFA, at AHV's expense, all plans, documents, drawings and other material incorporating plans, design concepts, copyrights and drawings, including electronic data and any other items incorporating the plans, drawings or copyrights.

28.     The License Agreement provides that upon termination of the Agreement, AHV would provide a detailed list of any persons or entities that may have copies of the plans or drawings.

29.     Pursuant to the License Agreement, AHV obtained copies of the Copyrighted Works from KFA, and constructed houses embodying those architectural works at an AHV project in Pflugerville, Texas known as Legacy, and an AHV project in Georgetown, Texas known as River's Edge.

30.     Each page of each of the Copyrighted Works KFA provided to AHV included the following form of notice in the title block:

All rights reserved.
© 2002 Kipp,Flores Architects LLC
The arrangements depicted herein
are the sole property of Kipp,
Flores Architects, and may not be
reproduced in any form without its
written permission.  This copyright
notice and use restrictions are
"Copyright Management Information"
under the Digital Millennium
Copyright Act.  It is included to
detect and deter copyright
infringement, and as such must
not be modified or omitted.

31.     The copies of the Copyrighted Works containing KFA's Copyright Management Information were in electronic form (.PDF, .DWG, and/or .DWF format files), and were transmitted to AHV electronically.

Creekside Ranch and AMH Creekside

32.     In late 2017, AHV advised KFA that pursuant to the License Agreement, it wanted to use the Copyrighted Works in a proposed development in New Braunfels, Texas.  This proposed development is what became Creekside Ranch.

33.     At all times material to this lawsuit, Creekside Ranch has been owned by AMH Creekside, and was initially developed and managed by AHV.

34.     AH4R LP has never owned Creekside Ranch.

35.     On April 2, 2019, KFA, AHV, and AMH Creekside entered into a letter agreement (the "Assignment"; copy attached as Exhibit B), in which AHV made a partial assignment to AMH Creekside of AHV's rights under the License Agreement (*i.e.*, its conditional license to use the Copyrighted Works in connection with the Creekside Ranch

project).   The Assignment provides that "AMH [Creekside] hereby accepts and assumes all of the terms, benefits, and obligations of the 'Client' set forth in the License Agreement with respect to the [Creekside Ranch] Project."

36.    The Assignment was executed for AMH Creekside by Sarah Wilson. Ms. Wilson is a Senior Vice President of AH4R.

37.    AH4R LP was not a signatory or party to the Assignment, or any other contract with KFA.

38.    AMH Creekside and AH4R each knew of all the terms of the License Agreement and the Assignment by no later than April 2, 2019.

AHV's Distribution of Illegal Copies of the Copyrighted Works for the Creekside Project

39.    Despite being actually aware that the License Agreement required it to maintain KFA's Copyright Management Information on any reproduction of KFA's architectural works, and that the creation and distribution of such copies without KFA's Copyright Management Information was prohibited and would violate the DMCA, at some point after executing the License Agreement AHV created or caused to be created copies of the Copyrighted Works that removed or altered KFA's Copyright Management Information.

40.    Specifically, AHV created or caused others to create simplified floorplan drawings of the Copyrighted Works (the "AHV Floorplan Drawings") that were intended for use in advertising.  For example, this is an AHV Floorplan Drawing that is a copy of KFA Plan 1529:





**First floor**                    **Second floor**

41.     Each AHV Floorplan Drawing is a copy of a KFA "architectural work," as that term is defined in Title 17, United States Code.  None of them bore KFA's Copyright Management Information.

42.     AHV also created or caused others to create computer generated renderings of the front of the Copyrighted Works (the "AHV Renderings") that were intended for use in advertising.  For example, this is an AHV Rendering that is a copy of KFA Plan 1529:



43.     Each AHV Rendering is a copy of a KFA "architectural work," as that term is defined in Title 17, United States Code.  None of them bore KFA's Copyright Management Information.

44.     Beginning in October 2017, AHV distributed to AMH Creekside copies of AHV Floorplans and AHV Renderings.

45.     On information and belief, AHV also distributed copies of the AHV Floorplans and AHV Renderings to third parties in connection with the development and marketing of the Creekside Ranch project, including distributions by e-mails and the internet.

46.     On information and belief, with knowledge of KFA's copyrights and that distribution of AHV Floorplans and AHV Renderings would be in violation of the License Agreement and would violate KFA's copyrights, AHV induced, caused, encouraged, aided, abetted, assisted, and facilitated third parties to reproduce and distribute copies of the AHV Floorplans and AHV Renderings in connection with Creekside Ranch, and thereby infringe KFA's copyrights.

47.     With respect to all of AHV's distributions of AHV Floorplans and AHV Renderings in connection with Creekside Ranch, such distributions were in violation of the explicit terms of the License Agreement, violated KFA's exclusive right of distribution, and thus violated KFA's copyrights.

48.     With respect to all of AHV's distributions of AHV Floorplans and AHV Renderings in connection with Creekside Ranch, AHV knew that such distributions were of copies of KFA's architectural works that had removed or altered KFA's Copyright Management Information.  Because of the explicit language of the License Agreement, AHV knew or had reasonable grounds to know that such distributions would cause, induce, enable, facilitate, or conceal infringement of KFA's copyrights.

49.     With respect to all of AHV's distributions of AHV Floorplans and AHV Renderings in connection with Creekside Ranch, AHV knew and has contractually stipulated that such distributions were unauthorized and would be violations of the Digital Millennium Copyright Act.

50.     AHV made its distributions of AHV Floorplans and AHV Renderings to AMH Creekside with knowledge and intent that AMH Creekside would further distribute the AHV Floorplans and AHV Renderings in advertising and marketing activities associated with Creekside Ranch.

51.     At all times after AHV knew that AMH Creekside knew the terms of the License Agreement (which was not later than April 2, 2019), AHV knew that further distributions of the AHV Floorplans and AHV Renderings by AMH Creekside would be violations of the DMCA, and yet AHV acted to aid, abet, facilitate, induce, and assist such violations by AMH Creekside.

AMH Creekside's Distribution of Illegal Copies of the Copyrighted Works

52.     At all material times, AMH Creekside knew that the AHV Floorplans and AHV Renderings were copies of KFA's architectural works.

53.     AMH Creekside knew of the terms of the License Agreement prior to April 2, 2019, including the provisions prohibiting the distribution of copies of KFA's architectural works without KFA's copyright notice.

54.     After receiving the AHV Floorplans and AHV Renderings, AMH Creekside thereafter made or caused further distributions of those copies of KFA's architectural works in its advertising and marketing of Creekside Ranch.

55.     Such advertising and marketing activities included:

   a.  Distribution of an AHV Floorplan that is a copy of the Plan 1484 architectural work at the webpage located at https://communities.ah4r.com/floorplan/creekside-1140.

   b.  Distribution of an AHV Rendering that is a copy of the Plan 1484 architectural work at the webpage located at https://communities.ah4r.com/floorplan/creekside-1140.

   c.  Distribution of an AHV Floorplan that is a copy of the Plan 1904 architectural work at the webpage located at https://communities.ah4r.com/floorplan/creekside-1904.

   d.  Distribution of an AHV Rendering that is a copy of the Plan 1904 architectural work at the webpage located at https://communities.ah4r.com/floorplan/creekside-1904.

e.   Distribution of an AHV Floorplan that is a copy of the Plan 1529 architectural work at the webpage located at https://communities.ah4r.com/floorplan/creekside-1529.

f.   Distribution of an AHV Rendering that is a copy of the Plan 1529 architectural work at the webpage located at https://communities.ah4r.com/floorplan/creekside-1529.

g.   On information and belief, e-mails transmitting an AHV Floorplan that is a copy of the Plan 1484 architectural work.

h.   On information and belief, e-mails transmitting an AHV Rendering that is a copy of the Plan 1484 architectural work.

i.   On information and belief, e-mails transmitting an AHV Floorplan that is a copy of the Plan 1904 architectural work.

j.   On information and belief, e-mails transmitting an AHV Rendering that is a copy of the Plan 1904 architectural work.

k.   On information and belief, e-mails transmitting an AHV Floorplan that is a copy of the Plan 1529 architectural work.

l.   On information and belief, e-mails transmitting an AHV Rendering that is a copy of the Plan 1529 architectural work.

m.  On information and belief, distribution of brochures and other printed materials that include an AHV Floorplan that is a copy of the Plan 1484 architectural work.

n.  On information and belief, distribution of brochures and other printed materials that include an AHV Rendering that is a copy of the Plan 1484 architectural work.

o.  On information and belief, distribution of brochures and other printed materials that include an AHV Floorplan that is a copy of the Plan 1904 architectural work.

p.  On information and belief, distribution of brochures and other printed materials that include an AHV Rendering that is a copy of the Plan 1904 architectural work.

q.  On information and belief, distribution of brochures and other printed materials that include an AHV Floorplan that is a copy of the Plan 1529 architectural work.

r.  On information and belief, distribution of brochures and other printed materials that include an AHV Rendering that is a copy of the Plan 1529 architectural work.

s.  On information and belief, distribution of an AHV Floorplan that is a copy of the Plan 1484 architectural work in connection with online advertisements.

t.  On information and belief, distribution of an AHV Rendering that is a copy of the Plan 1484 architectural work in connection with online advertisements.

u.  On information and belief, distribution of an AHV Floorplan that is a copy of the Plan 1904 architectural work in connection with online advertisements.

v.  On information and belief, distribution of an AHV Rendering that is a copy of the Plan 1904 architectural work in connection with online advertisements.

w.  On information and belief, distribution of an AHV Floorplan that is a copy of the Plan 1529 architectural work in connection with online advertisements.

x.  On information and belief, distribution of an AHV Rendering that is a copy of the Plan 1529 architectural work in connection with online advertisements.

y.  On information and belief, distribution of an AHV Floorplan that is a copy of the Plan 1484 architectural work in connection with newspaper and other print advertisements.

z.  On information and belief, distribution of an AHV Rendering that is a copy of the Plan 1484 architectural work in connection with newspaper and other print advertisements.

aa. On information and belief, distribution of an AHV Floorplan that is a copy of the Plan 1904 architectural work in connection with newspaper and other print advertisements.

bb. On information and belief, distribution of an AHV Rendering that is a copy of the Plan 1904 architectural work in connection with newspaper and other print advertisements.

cc. On information and belief, distribution of an AHV Floorplan that is a copy of the Plan 1529 architectural work in connection with newspaper and other print advertisements.

dd. On information and belief, distribution of an AHV Rendering that is a copy of the Plan 1529 architectural work in connection with newspaper and other print advertisements.

ee. On information and belief, other distributions of AHV Floorplans and AHV Renderings in connection with the development and marketing of the Creekside Project.

56.    In distributing the AHV Floorplans and AHV Renderings through online channels, including but not limited to the webpages https://communities.ah4r.com/floorplan/creekside-1140, https://communities.ah4r.com/floorplan/creekside-1904,                    and https://communities.ah4r.com/floorplan/creekside-1529, AMH Creekside caused a copy of a KFA architectural work that had had KFA's Copyright Management Information altered or removed to be distributed each time an individual visited each such webpage. Each such distribution was a separate and distinct transmission of one or more copies of a KFA architectural work that had had KFA's Copyright Management Information altered or removed to each individual visitor's computer or mobile device.

57.     In distributing the AHV Floorplans and AHV Renderings through e-mails, each e-mail transmitting or including an AHV Floorplan or AHV Rendering was a separate and distinct transmission of one or more copies of a KFA architectural work that had had KFA's Copyright Management Information altered or removed to each individual recipient.

58.     At all times after AMH Creekside knew of the KFA-AHV License Agreement (which would have been a time no later than April 2, 2019), AMH Creekside knew that the AHV Floorplans and AHV Renderings were copies of KFA's architectural works that did not include KFA's Copyright Management Information as required by the License Agreement.

59.     At all times after AMH Creekside knew of the KFA-AHV License Agreement (which would have been a time no later than April 2, 2019), AMH Creekside knew or had reasonable grounds to know that further distributions of the AHV Floorplans or AHV Renderings were in violation of the explicit terms of the License Agreement, violated KFA's exclusive right of distribution, and thus violated KFA's copyrights.

60.     With respect to all of AMH Creekside's distributions of AHV Floorplans and AHV Renderings in connection with Creekside Ranch after AMH Creekside knew of the KFA-AHV License Agreement (which would have been a time no later than April 2, 2019), AMH Creekside knew that such distributions were of copies of KFA's architectural works that had removed or altered KFA's Copyright Management Information.  Because of the explicit language of the License Agreement, AMH Creekside knew or had reasonable grounds to know that such distributions would cause, induce, enable, facilitate, or conceal infringement of KFA's copyrights.

17

61.     With respect to all of AMH Creekside's distributions of AHV Floorplans and AHV Renderings in connection with Creekside Ranch after AMH Creekside knew of the KFA-AHV License Agreement (which would have been a time no later than April 2, 2019), AMH Creekside knew and has contractually stipulated that such distributions were unauthorized and would be violations of the Digital Millennium Copyright Act.

62.     On information and belief, with knowledge of KFA's copyrights and that distribution of AHV Floorplans and AHV Renderings would be in violation of the License Agreement and would violate KFA's copyrights, AMH Creekside induced, caused, encouraged, aided, abetted, assisted, and facilitated AH4R to reproduce and distribute copies of the AHV Floorplans and AHV Renderings, and thereby infringe KFA's copyrights.

63.     On information and belief, with knowledge of KFA's copyrights and that distribution of AHV Floorplans and AHV Renderings would be in violation of the License Agreement and would violate KFA's copyrights, AMH Creekside induced, caused, encouraged, aided, abetted, assisted, and facilitated AH4R to reproduce and distribute copies of the AHV Floorplans and AHV Renderings, at times when AH4R knew that such distributions would violate the DMCA.  AMH Creekside thus induced, caused, encouraged, aided, abetted, assisted, and facilitated AH4R's violations of the DMCA.

64.     On information and belief, with knowledge of KFA's copyrights and that distribution of AHV Floorplans and AHV Renderings would be in violation of the License Agreement and would violate KFA's copyrights, AMH Creekside induced, caused, encouraged, aided, abetted, assisted, and facilitated third parties to reproduce and

distribute copies of the AHV Floorplans and AHV Renderings, and thereby infringe KFA's copyrights.

KFA's Termination of the Partially Assigned License Agreement

65.     In July 2021, KFA sued AHV in this Court in connection with another AHV project (*Kipp Flores Architects, LLC v. Pradera SFR, LLC et al.*, Case No. 21-cv-00673-XR).   In a newspaper article reporting on this case, counsel for AHV made statements regarding the KFA-AHV relationship that were patently untrue (and which AHV has subsequently repudiated).   Such statements caused KFA to reexamine and research its other dealings with AHV, including the Creekside Ranch project.

66.     Based on the results of that investigation, on August 2, 2021, counsel for KFA sent AHV and AMH Creekside / AH4R a Notice of Default, pointing out that, *inter alia*, their publication of copies of KFA's architectural works without the requisite Copyright Management Information was a violation of the License Agreement.

67.     On November 10, 2021, counsel for KFA sent counsel for AMH Creekside / AH4R a Notice of Termination invoking KFA's rights under Section VII.c of the License Agreement, demanding that AMH Creekside cease further use of KFA's architectural works and return all copies of KFA's plans, drawings, and other materials incorporating KFA's design concepts, including electronic data.

68.     Despite the Notice of Termination, AMH Creekside has not returned KFA's property.

### COUNT I: VIOLATIONS OF DMCA § 1202(b)(3)

69.     KFA complains of all defendants for violations of 17 U.S.C. § 1202(b)(3), and incorporates paragraphs 1-68 by reference.

70.     Each distribution by AHV of an AHV Floorplan or an AHV Rendering in connection with Creekside Ranch constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

71.     Pursuant to 17 U.S.C. § 1203(c)(3)(B), KFA is entitled to recover not less than $2,500 nor more than $25,000 from AHV for each violation of § 1202(b)(3).

72.     Each distribution by AMH Creekside of an AHV Floorplan or an AHV Rendering in connection with Creekside Ranch constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

73.     Pursuant to 17 U.S.C. § 1203(c)(3)(B), KFA is entitled to recover not less than $2,500 nor more than $25,000 from AMH Creekside for each violation of § 1202(b)(3).

74.     Each distribution by AH4R of an AHV Floorplan or an AHV Rendering in connection with Creekside Ranch constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

75.     Pursuant to 17 U.S.C. § 1203(c)(3)(B), KFA is entitled to recover not less than $2,500 nor more than $25,000 from AH4R for each violation of § 1202(b)(3).

76.     AH4R is vicariously liable for AMH Creekside's violations of the DMCA, and as such is jointly and severally liable for all amounts assessed against AMH Creekside for violations of the DMCA.

77.     AMH Creekside is contributorily liable for inducing and abetting AH4R's violations of the DMCA, and as such is jointly and severally liable for all amounts assessed against AH4R for violations of the DMCA.

78.     AHV is contributorily liable for inducing and abetting AMH Creekside's violations of the DMCA, and as such is jointly and severally liable for all amounts assessed against AMH Creekside for violations of the DMCA.

79.     Pursuant to 17 U.S.C. § 1203(b), KFA is also entitled to its reasonable attorney's fees and costs of court against all defendants, jointly and severally.

### COUNT II: COPYRIGHT INFRINGEMENT

80.      KFA complains of all defendants for copyright infringement, and incorporates paragraphs 1-79 by reference.

81.     Each distribution of an AHV Floorplan or an AHV Rendering by AHV in connection with Creekside Ranch violated KFA's exclusive rights to distribute the Copyrighted Works, and thus has infringed KFA's copyrights in the Copyrighted Works.

82.     Each distribution of an AHV Floorplan or an AHV Rendering by AMH Creekside in connection with Creekside Ranch violated KFA's exclusive rights to distribute the Copyrighted Works, and thus has infringed KFA's copyrights in the Copyrighted Works.

83.     Pursuant to 17 U.S.C. § 504(b), AHV and AMH Creekside are each liable to KFA for its own profits associated with the activities described above.

84.     AHV is also contributorily liable for infringements committed in connection with Creekside Ranch that were committed by AMH Creekside or by third parties that were induced or abetted by AHV to infringe KFA's copyrights.  AHV is thus also liable for the profits made by AMH Creekside or such third parties from their infringement of KFA's copyrights.

85.     AMH Creekside is also contributorily liable for infringements committed in connection with Creekside Ranch that were committed by third parties that were induced or abetted by AMH Creekside to infringe KFA's copyrights.  AMH Creekside is thus also liable for the profits made by such third parties from their infringement of KFA's copyrights.

86.     AH4R is vicariously liable for the infringements committed by AMH Creekside, and as such is jointly and severally liable for any award against AMH Creekside for copyright infringement.

87.     In addition, KFA is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 prohibiting defendants from further infringement of KFA's copyrights, including but not limited to the further distribution of AHV Floorplans, AHV Renderings, or any other copies of the Copyrighted Works.

88.     Furthermore, this Court should issue an order pursuant to 17 U.S.C. § 503 directing the United States Marshal's Service to (a) impound, during the pendency of this lawsuit, all copies of the Copyrighted Works, AHV Floorplans, AHV Renderings, and other materials in any defendant's possession associated with Creekside Ranch that infringe KFA's copyrights in the Copyrighted Works; and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

## COUNT III: CONVERSION

89.     KFA complains of AMH Creekside for conversion, and incorporates paragraphs 1-88 by reference.

90.     KFA is the owner of all plans, drawings, specifications and electronic data or other documents prepared by KFA for the Creekside Ranch project, together with all

modifications and copies thereof.  Under the terms of the License Agreement, KFA is entitled to possession of all such items of personal property upon termination of the License Agreement.

91.     In accepting the partial assignment from AHV, AMH Creekside agreed to be bound by all the terms of the License Agreement, including the terms stipulating to KFA's ownership over such materials and the necessity of their return upon termination of the License Agreement.

92.     On November 10, 2021, counsel for KFA notified AMH Creekside (through counsel) that KFA had invoked its rights under Section VII.c of the License Agreement to terminate the License Agreement.

93.     In its notice of termination, KFA demanded that AMH Creekside return its property.  (In so doing, KFA has advised counsel for AMH Creekside that counsel may retain a copy of all materials returned for the purpose of preservation and production of potentially relevant evidence in litigation, and KFA renews this offer.)

94.     By this pleading, KFA renews its demand for the return of its property.

95.     AMH Creekside has not returned KFA's property, and continues to exercise dominion and control over KFA's property, to the exclusion and in a manner inconsistent with KFA's rights.  By so doing, AMH Creekside has refused KFA's demand to return KFA's property.

96.     KFA is entitled to an injunction ordering AMH Creekside to deliver to KFA all copies of all plans, drawings, specifications and electronic data or other documents prepared by KFA for the Creekside Ranch project, together with all modifications and copies thereof.

## CONDITIONS PRECEDENT

97.     KFA generally avers that all conditions precedent to its rights of recovery have occurred or have been performed, or have been waived or excused by defendants.

## JURY DEMAND

98.     Pursuant to Federal Rule of Civil Procedure 38, KFA demands trial by jury on all issues so triable.

WHEREFORE, PREMISED CONSIDERED, Kipp Flores Architects LLC prays that defendants cited to appear and answer, and that upon final trial it have and recover from defendants as set forth above, that it have injunctive relief and other relief against defendants as requested herein, and that it have such and other relief as it may show itself to be entitled.

Respectfully submitted,

*/s/ Louis K. Bonham*
Louis K. Bonham
State Bar No. 02597700
bonham@obwbip.com
Peter C. Schechter
Schechter@obwbip.com
State Bar No. 24090761
Califf Cooper
State Bar No. 24055345
Cooper@obwbip.com
Osha Bergman Watanabe & Burton  L.L.P.
909 Fannin, Suite 3500
Houston, Texas 77010
(512) 480-0667 (Telephone)
(713) 228-8778 (Facsimile)

ATTORNEYS FOR PLAINTIFF
KIPP FLORES ARCHITECTS LLC