UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIPP FLORES ARCHITECTS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-21-CV-01158-XR |
| | § | |
| AMH CREEKSIDE DEVELOPMENT, | § | |
| LLC, AMERICAN HOMES 4 RENT, | § | |
| AMERICAN HOUSING VENTURES, | § | |
| LLC, | § | |
| | § | |
| *Defendants*. | § | |

## <u>ORDER</u>

On this date, the Court considered Defendant American Housing Ventures, LLC's motion for summary judgment (ECF No. 51), Plaintiff Kipp Flores Architects, LLCs' response (ECF No. 55), and Defendant's reply (ECF No. 57). After careful consideration, the Court issues the following order.

## BACKGROUND[1]

As both parties are familiar with the facts in this case, the Court includes here only those facts necessary to its analysis of the pending motion for summary judgment.[2]

Plaintiff Kipp Flores Architects, LLC ("KFA") is an architecture firm that creates architectural works and technical drawings depicting such works. ECF No. 15 ¶ 7. KFA owns copyrights to several architectural works at issue in this case. *Id*. ¶ 17. Defendant AMH Creekside Development, LLC ("AMH Creekside") owns and operates Creekside Ranch, a real

---

[1] These facts are undisputed unless otherwise noted.
[2] Additional background information can be found in the Court's order addressing the motions to dismiss filed by Defendant American Housing Ventures and Defendants AMH Creekside Development and American Homes 4 Rent. *See* ECF No. 48.

estate development in New Braunfels, Texas. *Id.* ¶ 2. Defendant American Homes 4 Rent ("AH4R" and, together with AMH Creekside, the "AMH Creekside Defendants") is a real estate investment trust that manages and controls AMH Creekside's affairs. *Id.* ¶¶ 9, 11. Defendant American Housing Ventures, LLC ("AHV") is a real estate development firm who managed the development of Creekside Ranch.

In January 2016, KFA and AHV executed a license agreement for the use of KFA's copyrighted architectural works in the Austin, Texas market. *Id.* ¶ 19. AHV obtained copies of the copyrighted architectural works from KFA in 2016 per the license agreement and constructed houses embodying those works at the AHV developments in Pflugerville, Texas and Georgetown, Texas. ECF No. 15 ¶¶ 34–35.

In late 2017, AHV advised KFA that it wanted to use KFA's copyrighted works in a new development in New Braunfels, Texas, known as Creekside Ranch. *Id.* ¶ 183. AHV and AMH Creekside entered into a development agreement, under which AHV became the development manager of Creekside Ranch. *Id.* ¶ 186.

On April 2, 2019, AHV partially assigned its rights to use KFA's copyrighted works under the license agreement to AMH Creekside by letter agreement. *Id.* ¶ 188. The letter agreement between KFA, AHV, and AMH Creekside provides that "AMH [Creekside] hereby accepts and assumes all of the terms, benefits and obligations of the 'Client' set forth in the License Agreement with respect to the [Creekside Ranch] Project." ECF No. 15-2 at 2. KFA alleges that, despite their awareness that the License Agreement required KFA's CMI to remain on reproductions of KFA's works, Defendants distributed, or caused each other or third parties to distribute, one or more copies of the floorplan drawings and building elevation renderings. *Id.* ¶ 202–73. KFA claims that these distributions were "in violation of the explicit terms of the

License Agreement, violated KFA's exclusive right of distribution, and thus violated KFA's copyrights." *Id.* ¶ 253. KFA also alleges that AHV distributed the floorplan drawings and building elevation renderings "in connection with the development and marketing of Creekside Ranch" with the knowledge and intent that AMH Creekside and AH4R would further distribute them in the advertising and marketing activities related to Creekside Ranch. *Id.* ¶¶ 256–57.

KFA initially brought claims against all Defendants for alleged violations of the Digital Millennium Copyright Act ("DMCA") and for direct and contributory copyright infringement. *Id.* ¶¶ 283–333. KFA additionally asserted claims of conversion and for specific performance against the AMH Creekside Defendants for their alleged failure to comply with the Licensing Agreement. *Id.* ¶¶ 334–55. Defendants AHV and AMH Creekside and AH4R filed motions to dismiss (ECF Nos. 17 and 18), which the Court granted in part and denied in part (ECF No. 48). KFA's direct infringement claim against AHV, contributory infringement claims against AMH Creekside and AH4R, and specific performance claim against AMH Creekside remain pending.

Defendant AHV filed its motion for summary judgment on September 15, 2022. ECF No. 51. Plaintiff KFA filed its response on September 28, 2022 (ECF No. 55), and Defendant AHV filed its reply on October 6, 2022 (ECF No. 57). Deadlines in the case are currently stayed pending the Court's ruling on Defendant AHV's motion for summary judgment. Text Order (November 4, 2022).

Plaintiff KFA contends that AHV is technically in default, as Defendant failed to file an answer to Plaintiff's first amended complaint. The Court notes, however, that while untimely, Defendant AHV did ultimately file its answer and affirmative defenses on September 28, 2022. ECF No. 54. The Court further notes that Plaintiff will not be prejudiced as a result of the Court's consideration of Defendant AHV's answer because there is no prejudice where, as here,

considering Defendant's untimely answer will do no harm to Plaintiff except to require it to prove its case.

## DISCUSSION

### I.      Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so

weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For the Court to conclude that there are no genuine issues of material fact, the Court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

Defendant AHV moves for summary judgment on the remaining copyright infringement claims KFA has asserted against it. ECF No. 51.

### A.  § 120(a) as an Affirmative Defense

As a threshold matter, the Court first addresses Plaintiff KFA's argument that summary judgment is inappropriate here because Defendant AHV did not plead § 120(a) as an affirmative defense before filing its motion for summary judgment.

"Under Federal Rule of Civil Procedure 8(c), affirmative defenses must generally be raised in the first responsive pleading." *Gurule v. Land Guardian, Inc.*, No. 4:15-CV-03487, 2017 WL 6885418, at *1 (S.D. Tex. Sept. 6, 2017); *see also Pasco ex rel. Pasco v. Knoblauch*,

566 F.3d 572, 577 (5th Cir. 2009). Despite this general proposition, however, "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983). An affirmative defense is therefore not waived if the defendant "raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* at 856.

Plaintiff has suffered no unfair surprise here, and no prejudice from Defendant AHV's raising a § 120(a) affirmative defense in its motion for summary judgment. Indeed, Defendant's AHV's motion to dismiss (ECF No. 13), its first pleading responsive to the substance of the allegations, raised the § 120(a) as a defense to Plaintiff's claims for copyright infringement, noting that § 120(a) "expressly excludes pictorial representations of constructed homes from the scope of a copyright owner's exclusive rights." *Id.* at 6. The Court therefore holds that Defendant did not waive its defense that their conduct was non-infringing because it was exempted under §120(a).

## B. Applicability of § 120(a) to Plaintiff KFA's Claims Against Defendant AHV

Under 17 U.S.C. § 120(a), a copyright in an architectural work that has been constructed "does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place." Accordingly, a defendant asserting an affirmative defense under § 120(a) must demonstrate (1) that the alleged infringing work constitutes a picture, painting, photograph, or other pictorial representation of the copyrighted architectural work and (2) that the copyrighted architectural work has been constructed and is ordinarily visible from a public place.

Relying on the Court's August 9, 2022 Order (ECF No. 48), Defendant AHV asserts that, because the Court held that the floorplans and drawings that are the subject of this dispute are "pictorial representations as contemplated by § 120(a)" (*Id*. at 16) and because work was already constructed at the time Plaintiff KFA alleged that Defendants AMH Creekside and AH4R distributed the relevant marketing materials, the Court's dismissal of the claims asserted against those Defendants should likewise yield dismissal of the copyright infringement claims against Defendant AHV. For the reasons that follow, however, the Court concludes that discovery is required with regard to the timing element of Defendant AHV's asserted § 120(a) defense.

Plaintiff argues, and the Court agrees, that the timing element with respect to Defendant AHV's allegedly infringing activities differs from the timing element of AMH Creekside and AH4R. Plaintiff, as stated in the Declaration of its counsel, Louis Bonham (ECF No. 55-1), believes that discovery is likely to yield evidence in support of its opposition to Defendant AHV's motion for summary judgment on the remaining copyright claims asserted against it by Plaintiff. Specifically, Bonham's Declaration describes an email he received from Defendant AH4R's in-house counsel stating that, "[d]uring AHV's management period, beginning in October 2017, AHV provided AH4R the front renderings and floorplans shown on the links from AH4R's website in your 8/2 letter. These items did not include any attribution to Kipp Flores." *Id*. ¶ 3. Bonham's Declaration further stated that "AHV's communications sending copies of the BluEnt and AGS Graphics marketing images were typically made both before and after entering into the development agreement; indeed, the development agreement for Pradera itself included some of the BluEnt renderings at issue." *Id*. ¶ 5. These statements further bolster the factual assertions that Plaintiff KFA raises in its first amended complaint. Therein, Plaintiff makes the

following allegations with regard to Defendant AHV's distribution of the floorplan drawings and

renderings at issue in this suit:

198.    By virtue of the explicit language of the License Agreement and the Assignment, at all times after April 2, 2019, AHV knew that AMH Creekside had contractually agreed that distributing copies of KFA's architectural works without maintaining KFA's Copyright Management Information on such copies was (a) not authorized under the License Agreement, (b) would thus induce, enable, facilitate, and cause the occurrence of acts of copyright infringement (specifically, the unauthorized reproduction and distribution of copies of KFA's architectural works), and (c) would be a violation of the DMCA.

. . .

252.    On information and belief, one or more persons acting as AHV's agents, who were induced, caused, encouraged, aided, abetted, assisted, or facilitated by AHV, distributed one or more copies of the floorplan drawings and building elevation renderings described in at least one of Paragraphs 45 – 177 in connection with the development and marketing of Creekside Ranch, including distributions by e-mails and the internet, and did so within the scope of their authority.

. . .

258.    At all times after AHV knew that AMH Creekside knew the terms of the License Agreement (which was not later than April 2, 2019), AHV knew that further distributions of the floorplan drawings and building elevation renderings described in at least one of Paragraphs 45 – 177 in connection with the development and marketing of Creekside Ranch by AMH Creekside would be violations of the DMCA, and yet AHV acted to aid, abet, facilitate, induce, and assist such violations by AMH Creekside.

. . .

259.    At all times after AHV knew that AH4R knew the terms of the License Agreement (which was not later than April 2, 2019), AHV knew that further distributions of

floorplan drawings and building elevation renderings described in at least one of Paragraphs 45 – 177 in connection with the development and marketing of Creekside Ranch by AH4R would be violations of the DMCA, and yet AHV acted to aid, abet, facilitate, induce, and assist such violations by AH4R.

ECF No. 15 ¶¶ 198, 252, 258, 259. The evidence that KFA expects to gather through discovery undoubtedly impacts its claims against Defendant AHV and the potential availability of a § 120(a) defense for Defendant AHV (dependent upon AHV's ability to satisfy the second element of timing). As Plaintiff KFA has explained in its response, "[t]he timing element with respect to AHV's infringing activities differs at least in part from those of AMH Creekside and AH4R . . . ." ECF No. 55 at 9. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery." FED. R. CIV. P. 56. In light of Rule 56, the Court concludes that considering this summary judgment motion is not appropriate at this time, and additional time for discovery is needed.

## CONCLUSION

Accordingly, Defendant's motion for summary judgment (ECF No. 51) is **DENIED AS MOOT WITHOUT PREJUDICE TO REFILING AFTER THE CLOSE OF DISCOVERY**. The stay in this case is hereby lifted and parties are ordered to file a joint scheduling order for all remaining deadlines within **fourteen days** of this Order.

It is so **ORDERED**.

**SIGNED** this 8th day of March, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE